UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SULLIVAN

-------------------------------------------------------X

YECHIEL GERSTLE, on behalf of himself
and the class

## 11 CIV 8933

Plaintiff,

### COMPLAINT- CLASS ACTION

v.

PALISADES COLLECTION, LLC

Defendant.

-------------------------------------------------------X



## **INTRODUCTION**

1.     Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by the defendant. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. Collectors are also required to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## **JURISDICTION AND VENUE**

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331.

4.     Venue and personal jurisdiction in this District are proper because:

        a.     Defendant does business within this District.

        b.     The collection communication at issue was received by plaintiff within this district.

5.     Defendant, Palisades Collection, LLC ("Palisades") is a Delaware limited liability corporation which was formed September 18, 2000 with offices at 210 Sylvan Ave in Englewood Cliffs, New Jersey.

6.     Palisades buys debts that are in default from others for pennies on the dollar and seeks to collect the full amount of the debt.

7.     Palisades is a "debt collector" as defined by the FDCPA.

## FACTS

8.     On or about May 25th, 2011, Mel S. Harris as attorneys for Palisades mailed a letter in an attempt to collect a debt. See Exhibit A.

9.     The plaintiff is a "consumer" as defined by the FDCPA.

10.    The letter is a "communication" as defined by the FDCPA.

11.    In sending the letter, defendant sought to collect a "debt" as defined by the FDCPA because the charges it attempted to collect arose from personal, family or household purposes and not from business purposes namely the debt arose from a personal credit card debt.

12.    At the time of the sending of the letter, Palisades had not filed an affidavit or certification of publication. See <u>Exhibit B</u>

13.    New York's Limited Liability Law Section 802( b)(ii)(3) states that if a foreign limited liability company fails to publish, its "authority to carry on, conduct or transact any business in this state shall be suspended"

## <u>VIOLATIONS ALLEGED</u>

14.    Defendant's conduct violates 15 U.S.C. §§1692 and 1692e.

15.    Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)** The false representation of—

**(A)** the character, amount, or legal status of any debt;

**5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.

**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. "

      16.   Palisades violated the above provisions of the statute because at the time of the sending of the letter, Palisades was without authority to conduct business in New York.

      17.   Attempting to collect on a debt constitutes conducting business.

## <u>CLASS ALLEGATIONS</u>

      18.   Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

      19.   The class consists of (a) all individuals (b) with a New York address (c) who have received a letter from Mel S. Harris & Associates, LLC on behalf of Palisades (d) in the form of <u>Exhibit B</u> (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

20.     The class is so numerous that joinder of all members is not practicable.  On information and belief, there are at least 40 members of the class.

21.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether conducting business in New York while not authorized constitutes an FDCPA violation.

22.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

23.     Plaintiff will fairly and adequately represent the class Members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

24.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.     Individual actions are not economically feasible;

b.     Members of the class are likely to be unaware of their rights;

c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

(1)   Statutory damages;

(2)   Attorney's fees, litigation expenses and costs of suit;

(3)   Such other and further relief as the Court deems proper.

Dated:   New York, New York
         December 5th, 2011

The Law Offices of Shimshon Wexler, PC

By:_____

Shimshon Wexler
Attorney for Plaintiff
2710 Broadway, 2nd Floor
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

## **Notice of Assignment**

All rights relating to attorneys fees have been assigned to counsel.

_____
Shimshon Wexler

# Exhibit A

## Mel S. Harris and Associates, LLC
### ATTORNEYS AT LAW
5 HANOVER SQUARE, 8th Floor
NEW YORK, NY 10004
Tel (866)414-7444  (212)571-4900
Fax (212)571-0965

MEL S. HARRIS
DAVID WALDMAN
ARTHUR SANDERS
SCOTT WORTMAN

AMANDA PEREZ
HILARY KORMAN
SPENCER T. McCORD

YECHIEL GERSTLE
100 BENNETT AVE 5A
NEW YORK, NY 10033

**ADDRESS SERVICE REQUESTED**

Dated:5/25/2011          ID. 1033702-1
Re: PALISADES COLLECTION , LLC
Original Creditor:  AMERICAN EXPRESS
Original Acct No: 377216547561008
Total Due: $2483.39
**Your Account Representative is: Ada Baez at ext.3267**

Dear YECHIEL GERSTLE ;

Kindly telephone this office upon receipt of this letter regarding the above entitled matter.

Thank you for the courtesy of giving this matter your earliest attention.

Very truly yours,

Mel S. Harris and Associates, LLC.

**This is a debt collection firm. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
If you have a complaint about the treatment you received from a staff member, please call our hot line, 212-660-1097.**
NYC Department of Consumer Affairs License # 1315014

CALLMSH

# Exhibit B



STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

ANDREW M. CUOMO
GOVERNOR

CESAR A. PERALES
SECRETARY OF STATE

June 14, 2011

Shimshon Wexler
2710 Broadway, 2nd Floor
New York, NY 10025

Dear Mr. Wexler:

As requested in your recent letter, please be advised as follows in relation to the certificate of publication or affidavit of publication for each entity.

Asset Acceptance, LLC - Certificate of publication 01/04/2007
Cavalry Portfolio Services, LLC - Affidavits of Publication filed 12/03/2002
LVNV Funding LLC - Certificate of Publication filed 08/21/2009
RJM Acquisitions LLC - Affidavits of Publication filed 10/24/2001
Palisades Collection, LLC - No affidavit or certificate of publication filed
Midland Funding Corporation - Corporations are not subject to the publication requirement
Portfolio Recovery Associates, L.L.C. - No affidavit or certificate of publication filed

We hope you find this information helpful.

Sincerely,

Division of Corporations